IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BYRON BLUEHORSE,

      Plaintiff,

  vs.                                        CIVIL NO.  02-1587 LFG/WDS

CARI M. DOMINGUEZ, Chair,
United States Equal Employment
Opportunity Commission,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment [Doc. 14].  The Court considered the motion, response in opposition and reply and determines that oral argument is not necessary.

### Background

This is an action brought pursuant to 42 U.S.C. §2000e *et seq.*, Title VII of the Civil Rights Act of 1964.  Plaintiff Byron Bluehorse ("Bluehorse") filed suit alleging that he was denied a promotion to a GS-5 position.  He contends that the denial of the promotion was due to his race and ethnicity.

In response, Cari M. Dominguez ("Dominguez"), Chair of the United States Equal Employment Opportunity Commission, contends that Bluehorse misrepresented his qualifications and that his true qualifications demonstrate that he did not meet the minimum prerequisites for the GS-5 position.  An Anglo employee who was ultimately promoted to the position met the mandatory

minimum requirements for the position. Dominguez contends that defendant having demonstrated a business related non-discriminatory reason for the failure to promote, the burden shifts to Bluehorse to demonstrate pretext, and that Bluehorse has been unable to come forward with any evidence demonstrating that the Commission's decision was pretextual.

In support of her motion, Dominguez submits a statement of facts supported by affidavit, deposition testimony and answer to interrogatory. In response, Bluehorse challenges certain of the proposed undisputed facts, but the following facts remain undisputed.

1. Plaintiff Byron Bluehorse is Native American and a military veteran.

2. Plaintiff was hired by the EEOC Albuquerque District Office on July 19, 1999 as a temporary Stay-in-School employee as a level GS 3 Office Automation Clerk.

3. On October 1, 2000 Plaintiff was promoted to a level GS 4 Office Automation Clerk.

4. In July 2000, Georgia Marchbanks, Enforcement Manager at the EEOC Albuquerque District Office, requested authorization to backfill a Clerk/Assistant position at level GS 4/5 in the EEOC Albuquerque District Office.

5. In response to Marchbanks' request, in March 2001 the EEOC Headquarters in Washington, D.C., authorized the Albuquerque District Office to fill an Assistant position at level GS 5.

7.[sic, no. #6] The new Office Automation Assistant position at level GS 5 was advertised by an EEOC Merit Promotion Vacancy Announcement to accept applications from April 9th through April 20th, 2001.

8. One of the qualifications for the new GS 5 Assistant position was one year of specialized experience "equivalent to at least the GS 4 grade level."

9. Plaintiff was aware that he was a GS 4 and the new position was advertised at level GS 5.

10. On April 20, 2001, Plaintiff submitted his application for the new Assistant position at level GS 5, certifying that he was a veteran and had been a GS 4 civilian employee from July 2000 to April 2001.

12. Plaintiff had in fact been a GS 4 since October 2000, not July 2000, providing him with 6½ months and not nine months of GS 4 experience as of the date of his application.

13. Plaintiff was aware that he "did not have one year at the GS-4 level at the time of application for the position of Office Automation Assistant."

14. In an effort to qualify Plaintiff for the GS 5 position, Howe met with Plaintiff to find out if he had any administrative or clerical duties in the military that could be used to qualify him for the GS 5 position.

16. Plaintiff did not fulfill the qualifications for the GS 5 position because he did not have the requisite year of GS 4 or equivalent experience.

18. Plaintiff did not call Richardson.

20. An Anglo female who had applied for the GS 5 Assistant position by the April 20th deadline and who met the GS 5 requirements was then selected for the position in May 2001.

21. Plaintiff submitted his two-week resignation notice to the EEOC Albuquerque District Office on July 6, 2001.

22. Plaintiff worked for a different federal agency (the Forest Service) from July 2001 until his resignation in October 2002 also as a Stay-In-School Office Automation Clerk at level GS 3 and then as a GS 4.

(Defendant's Reply, pp. 2-3). These undisputed facts verify that applicants for the GS 5 Assistant position needed to have one year experience as a GS 4, or at least experience equivalent to the GS 4 grade level. Bluehorse did not have one year's experience at the GS 4 level. Rather, he had 6½ months' experience as a GS 4.

When it was learned that he failed to meet the minimum qualifications for the position, the Commission sought to qualify Bluehorse for this position by asking him to submit evidence of any

other administrative or clerical duties in the military that could be used to qualify for the missing experience. Bluehorse simply failed to provide any additional information.

The candidate who was ultimately selected for the position, an Anglo female, did have the requisite GS 4 experience, and it is undisputed that Bluehorse has not come forward with any evidence demonstrating that the Commission's explanation was pretextual.

### **Analysis**

To establish a *prima facie* case with respect to the denial of a promotion, Bluehorse must demonstrate that he is a member of a protected group; that he was qualified and applied for the position; that he was considered for and denied the position; and that other employees with similar qualifications who are not members of his protected group were selected at the time his selection was denied. Hooks v. Diamond Crystal Speciality Foods, Inc., 997 F.2d 793, 796 (10th Cir. 1993), *overruled on other grounds*, Buchanan v. Sherrill, 51 F.3d 227 (10th Cir. 1995).

In this case, Bluehorse can establish that he is a member of a protected group. He has failed, however, to demonstrate that he was qualified for this position. It is undisputed that the mandatory minimum qualifications for the GS 5 promotion included service at the GS 4 level for a minimum of one year, or, alternatively, equivalent experience. Bluehorse did not possess the mandatory minimum experience as a GS 4, and when the Commission sought to substitute Bluehorse's missing experience by consideration of other administrative or clerical duties he may have performed while in the armed services, Bluehorse simply failed to provide any information.

Bluehorse cannot demonstrate that other employees with similar qualifications as his were selected for the position. To the contrary, the person ultimately selected had qualifications superior to those possessed by Bluehorse. The successful applicant had met the one-year mandatory minimum

4

GS 4 experience level. Under these circumstances, Bluehorse has failed to make a *prima facie* showing, and under that basis alone, his claim should be dismissed.

Even assuming that Bluehorse could establish a *prima facie* case, Dominguez has come forward with a legitimate, non-discriminatory reason for the failure to promote Bluehorse. Dominguez has demonstrated that the position called for one year's experience at the GS 4 level or equivalent experience to qualify. Even after crediting Bluehorse's education and experience, he failed to meet the one-year requirement at GS 4 experience, while the successful candidate did.

Thus, under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973); Kendrick v. Penske Transportation Services, 220 F.3d 1220, 1226 (10th Cir. 2000), the Commissioner has articulated a legitimate, non-discriminatory reason for its decision. The burden shifts again to Bluehorse to come forward with evidence demonstrating that the stated reason is pretextual. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S. Ct. 2742 (1993). In this case has failed to demonstrate any pretext.

Title VII is not a civil service statute. The statute does not require the Commission to litigate the fairness of its reasoning. For example, one may argue that it is unfair to disqualify an applicant for consideration because he has 6½ months' experience at the GS 4 level rather than one year or, indeed, when educational and other employment is considered, that the applicant is closer to 10 months' experience at the GS 4 level rather than the one-year requirement. The fact that the decision may seem unfair is of no consequence so long as it is not illegal.

The Court does not sit as a board of directors to second guess the decisions of an employer. Rather, as long as the employer's decision is based on a reason other than one proscribed by law, the Court will not interfere. Here, it is clear that Bluehorse failed to meet the mandatory minimum

5

requirements for the promotion and that another candidate met those requirements. Bluehorse has not demonstrated any pretext in the decision offered by the Commissioners. Based on the foregoing, the Court determines that Dominguez' motion for summary judgment is well-taken and will be granted.

    IT IS SO ORDERED.

                                              */s/ Lorenzo F. Garcia*
                                              Lorenzo F. Garcia
                                              Chief United States Magistrate Judge